Thomas MARTINEZ,
Petitioner–Appellant,

v.

Robert BORG, Warden; Attorney General of the State of California,
Respondents–Appellees.

No. 89–56163.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 1990.

Decided April 25, 1991.

As Amended on Denial of Rehearing and Rehearing En Banc July 18, 1991.

Meredith Nelson, Brobeck, Phleger & Harrison, San Francisco, Cal., for petitioner-appellant.

David F. Glassman and Donald F. Roeschke, Deputy Attys. Gen., Los Angeles, Cal., for respondents-appellees.

Before NORRIS, HALL and THOMPSON, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Appellant was convicted by a state court jury of aiding and abetting the second degree murder of a peace officer and of aiding and abetting the attempted murder of another peace officer. In his habeas corpus petition filed in federal district court appellant asserts two constitutional errors in his trial. First, he contends that the jury instruction given for aiding and abetting failed to state all the elements of the offense. As a result, appellant argues, the jury did not have the opportunity to find each element of the crime beyond a reasonable doubt as required by *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Second, appellant contends that the state court erred in failing to grant full faith and credit to a Colorado Department of Motor Vehicles document which stated that appellant and the main prosecution witness were common law spouses. As a result, he argues, the state trial court mistakenly admitted the witness's testimony over appellant's assertion of marital privilege.

I

It is undisputed that the jury instruction on aiding and abetting was deficient under *People v. Beeman*, 35 Cal.3d 547, 550–51, 199 Cal.Rptr. 60, 61, 674 P.2d 1318, 1319 (1984), because the jury was not properly instructed that an aider and abettor must have the specific intent to aid the principal's crime. We agree with appellant that *Beeman* error is constitutional error because the jury did not have the opportunity to find each element of the crime beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Carella v. California*, 491 U.S. 263, 268–69, 270, 109 S.Ct. 2419, 2421–23, 2423, 105 L.Ed.2d 218 (1989) (Scalia, J., concurring) ("misdescription of an element of the offense ... deprives the jury of its factfinding role, and must be analyzed similarly [to a conclusive presumption]"); *see also Watts v. Bonneville*, 879 F.2d 685, 688–89 (9th Cir.1989) ("*Beeman* error must be measured against the due process clause of the Fourteenth Amendment.... [D]ue process requires a state to prove every element of crime beyond a reasonable doubt ... and ... a defective jury instruction can violate this requirement by effectively allowing the government to presume the element of intent.") (dictum).

■ As there was clearly constitutional error in appellant's trial, we are left with the question whether that error was harmless. The state courts and the district court held that the error was harmless because the overwhelming weight of the evidence established the element of specific intent beyond a reasonable doubt. Appellant argues that this was the wrong harmless error analysis. Instead, appellant urges us to apply the harmless error analysis advanced by Justice Scalia in *Carella v. California.*[1]

In *Carella*, the Court held that a mandatory presumption in a California theft statute resulted in constitutional error, and the Court remanded the case for consideration of whether the error was harmless. Justice Scalia, concurring, explained in more detail what the harmless error analysis in such cases involves. Justice Scalia reasoned traditional harmless error analysis is inappropriate in the context of incomplete jury instructions because it substitutes the appellate court's findings of fact for the jury's and is akin to an impermissible directed verdict. *Carella*, 491 U.S. at 267–68, 109 S.Ct. at 2421–22 (Scalia, J., concurring).

If jury instructions omit an element of the offense, constitutional error results because the jury has been precluded from finding each fact necessary to convict a defendant. To determine if the instructional error is harmless, Justice Scalia suggested a method of harmless error review that would allow an appellate court to conclude "the *jury* found the facts necessary to support the conviction." *Id.* at 271, 109 S.Ct. at 2423 (emphasis added). Rather than reviewing the record to determine if the evidence overwhelmingly establishes the defendant's guilt, the analysis advocated by Justice Scalia involves a review of the court's instructions and what the jury found:

"When the predicate facts relied upon in the instruction, or other facts necessarily found by the jury, are so closely related to the ultimate fact to be presumed that no rational jury could find those facts without also finding that ultimate fact, making those findings is functionally equivalent to finding the element required to be presumed." *Id.*

Justice Scalia advanced this analysis as a way of reconciling *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), *Connecticut v. Johnson*, 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), and *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). In *Sandstrom*, the Court held that a jury instruction violated due process because it required the jury to presume an element of the crime, but the Court refused to decide whether harmless error analysis was appropriate. In *Johnson*, a plurality of the Court held that harmless error analysis should not be used in cases involving mandatory presumptions. The plurality reasoned that allowing an appellate court to make factual findings that the jury never had the opportunity to consider would deny a defendant his right to a trial by jury. *Johnson*, 460 U.S. at 85–87, 103 S.Ct. at 976–78. In *Rose*, the Court seemed to overrule the plurality in *Johnson* by holding that harmless error analysis could be applied in cases involving mandatory presumptions. Justice Scalia, however, argues that the Court in *Rose* did not overrule the *Johnson* plurality but developed a special kind of harmless error analysis that would be appropriate in instructional error cases. He points to *Rose*'s statement that if, under the facts of the case, no rational jury could find the facts necessary under the faulty instruction without also finding the missing element of the offense, "the erroneous instruction is simply superfluous: the jury has found, in *Winship*'s words, 'every fact necessary' to establish every element of the offense beyond a reasonable doubt." *Rose v. Clark*, 478 U.S. at 580–81, 106 S.Ct. at 3107–08. From these

---

1. " 'After this opinion was filed, but before we entered the order denying the petition for rehearing, the Supreme Court clarified the governing harmless error standard. *Yates v. Evatt*, 59 U.S.L.W. 4509 [— U.S. ——, 111 S.Ct. 1884, 114 L.Ed.2d 432] (May 28, 1991). While we recognize that the Court's articulation of the test differs slightly from Justice Scalia's in *Carella v. California*, it does not affect the outcome of this case.' "

remarks, Justice Scalia develops a different method of harmless error review for instructional error cases. To apply this method of analysis, an appellate court must examine what the jury found. The error is harmless if no rational jury could have made those findings without also finding the omitted or presumed fact to be true.

We agree with Justice Scalia's reading of these cases and adopt his harmless error analysis in the context of *Beeman* error. Indeed, without expressly adopting it, we have already employed the Scalia analysis in the context of *Beeman* error in *Leavitt v. Vasquez*, 875 F.2d 260, 262–63 (9th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), and in other instructional error contexts in *United States v. Lopez*, 885 F.2d 1428, 1439 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990), *United States v. Smith*, 891 F.2d 703, 709 (9th Cir.1989), *modified,* 906 F.2d 385, *cert. denied,* —— U.S. ——, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990), and *Hennessy v. Goldsmith*, 929 F.2d 511, 516–17 (9th Cir.1991).[2]

■ In applying the Scalia test to this case, we examine the findings made by the jury. The error is harmless if no rational jury would have made these findings without also finding that appellant had the specific intent to aid the murder and attempted murder. The record shows that the jury could have reached its verdict of aiding and abetting without finding that appellant had the specific intent to aid and abet the murder and attempted murder.

The jury instruction required the jury to find only that appellant knew the perpetrator's criminal purpose and that appellant did some act of aiding, abetting, or encouraging the commission of the offense. Under the circumstances of this case, we cannot say a rational jury, which found that the appellant knew the perpetrator's purpose in firing the gun at the officer, also would have necessarily found that appellant concurred in that purpose. The evidence showed that the perpetrator suddenly shot the officers from the car window at point-blank range, perhaps thinking that he and appellant were about to be arrested for robbery. Appellant did not argue that he did not know the perpetrator intended to kill the officers when he shot at such close range; rather, appellant's main defense to the murder charges was that although he knew the perpetrator's purpose, he was an "involuntary witness" to the shooting. Excerpts of Record, ("E.R."), exhibit H at 6572.

As to the second element of aiding, abetting, or encouraging, there was at least one act of aiding and abetting in the record that did not require appellant to have the specific intent to aid the murder and attempted murder. The testimony at trial was that the murder weapon was usually carried by appellant. E.R. exhibit F at 5183–86. The jury could have found that appellant aided the murder by supplying

---

2. Appellee suggests that we have at the same time used traditional harmless error analysis in *Beeman* cases, and we should affirm the district court in doing so here. However, a close look at the cases upon which appellee relies demonstrates that, while we did not cite Justice Scalia's concurrence, we applied the same analysis. In *Willard v. People*, 812 F.2d 461 (9th Cir.1987), we held that under the facts of that case, the jury's rejection of the defenses of duress and mistaken identity entailed that the jury also found a specific intent to aid and abet. We stated: "the jury could not have found these elements of the crime without also finding that [the defendant] had the intent of committing, encouraging, or facilitating the crime." *Id.* at 464. Thus, we clearly applied the Scalia analysis.

Likewise, in *Watts v. Bonneville*, 879 F.2d 685, 688–89 (9th Cir.1989), we held that there was no issue as to specific intent given the facts of the case. Although the defense was that the defendant did not know what his cohorts were doing, the jury found that he knew their criminal purpose. Under the facts, the jury could not have found knowledge and aid without also finding specific intent.

In *Vicks v. Bunnell*, 875 F.2d 258 (9th Cir. 1989), contrary to appellee's argument, we did not address the issue of which harmless error analysis should be used.

Finally, the passing comment in *United States v. Belgard*, 894 F.2d 1092, 1095 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 164, 111 S.Ct. 164 (1990), that the court is to look to "the overwhelming weight of th[e] evidence" in determining whether a missing element in a jury instruction is harmless is dictum because we held that there was no error in the instruction.

the murder weapon without necessarily finding that appellant *intended* the gun to be used to kill the officers.

As the district court found, there was other testimony at trial that indicated that appellant did have the specific intent to aid the murder. This testimony was vigorously challenged on cross-examination and in closing argument. Following Justice Scalia's analysis, we cannot speculate about how the jury would have weighed this evidence had it been instructed to do so. Because we cannot determine that the jury necessarily found specific intent in order to reach its verdict, the instructional error was not harmless.

## II

█ As we understand appellant's "full faith and credit" argument, he is claiming that the California courts are bound to give dispositive effect to a Colorado Department of Motor Vehicles declaration executed by appellant and the witness declaring they had a common law marriage under Colorado law. The California courts considered the declaration, but they found that other evidence negated this expression of intent to be married. We affirm the district court's denial of this claim because the California courts properly applied Colorado law in considering all the relevant evidence of the couple's cohabitation and intent to hold themselves out as common law spouses. *See People v. Lucero*, 747 P.2d 660, 665 (Colo.1987) (mutual consent not sufficient). As there is no issue of full faith and credit here, there is no need for this court to address the propriety or impropriety of the state court's finding that the couple was not married. *See Byrd v. Armontrout*, 880 F.2d 1, 9–10 (8th Cir.1989) (application of marital privilege not cognizable in habeas), *cert. denied,* —— U.S. ——, 110 S.Ct. 1326, 108 L.Ed.2d 501 (1990).

---

**3.** In the same trial, appellant was also convicted of violating Cal.Penal Code § 211, § 245(b), and § 12021. His convictions under these statutes were not the subject of this petition, and the portion of his sentence due to these convictions will not be affected by the issuance of the writ.

The judgment of the district court is AFFIRMED in part and REVERSED in part. The case is REMANDED and the district court is instructed to issue a writ of habeas corpus releasing appellant from the portion of his sentence due to the convictions for aiding and abetting murder and aiding and abetting attempted murder under der Cal.Penal Code §§ 187, 664 [3] unless the state grants appellant a retrial within 120 days.