24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joe DENHAM, Jr., Petitioner-Appellant,
v.
Robert G. BORG, Respondent-Appellee.
 No. 93-15650.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1994.*
Decided May 17, 1994.
 
 Before: SKOPIL, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe Denham, Jr. appeals pro se the district court's denial of his habeas petition. He contends that (1) there is insufficient evidence to support his conviction for first degree murder; (2) the state trial court erred by admitting evidence of his drug dealing and gang membership; and (3) the trial court failed to instruct on every element of one of the crimes charged. The state argues that Denham is procedurally barred from raising the first two issues. We do not reach that argument because we agree with the district court that Denham's claims are without merit. Accordingly, we affirm.
 
 DISCUSSION
 1. Insufficient Evidence
 
 3
 Denham contends that the evidence presented at trial was insufficient to support the elements of premeditation and deliberation on the first degree murder charge. The California Supreme Court recently clarified that "to ascertain whether the evidence is sufficient to sustain a finding of first degree murder based upon premeditation and deliberation, we generally examine whether there is sufficient evidence of planning, motive, or method, although these factors are not exclusive." People v. Proctor, 4 Cal. 4th 499, 842 P.2d 1100, 1115, 15 Cal.Rptr.2d 340 (1992), cert. granted, 114 S.Ct. 598 (1993). The Court explained that when the record discloses evidence in all three categories, the verdict is generally sustained; otherwise, convictions for first degree murder will be upheld where there is "either very strong evidence of planning, or some evidence of motive in conjunction with planning or a deliberate manner of killing." Id. (internal quotation omitted).
 
 
 4
 The record here shows that ample evidence of all three types was introduced at trial. Planning is demonstrated by the facts that Denham and his codefendants placed their victims under their complete control and took them to a secluded place where others were unlikely to observe the events. Motive for the murder is supported by the evidence that Denham and his codefendants were heroin dealers who believed the victims may have witnessed drug transactions or were working for the police. Finally, the methodology was shown to be both particular and exacting; the victims suffered multiple shots and stab wounds from which the jury could infer that death was intended.
 
 2. Admission of Evidence
 
 5
 Denham contends that the trial court erred by admitting evidence relating to his drug dealing and gang membership. Our review is very limited; we must consider only whether the admission of the challenged evidence "so fatally infected the proceedings as to render them fundamentally unfair." Jammal v. Van De Kamp, 926 F.2d 918, 919 (9th Cir.1991). "Only if there are no permissible inferences the jury can draw from evidence can its admission violate due process." Id. at 920.
 
 
 6
 We conclude that evidence of Denham's gang membership and drug dealing was relevant, both to prove motive and to corroborate Denham's identity as an assailant. The challenged evidence suggested a reason for Denham's presence and a motive for his actions, and was not so prejudicial as to raise due process concerns, particularly in light of the trial court's explicit instruction to the jury that the evidence was admissible only to prove motive.
 
 3. Jury Instructions
 
 7
 We agree with Denham that the trial court erred by failing to instruct the jury that under California law "specific intent" is an element of the crime of aiding and abetting attempted murder. See People v. Beeman, 35 Cal.3d 547, 674 P.2d 1318, 1325, 199 Cal.Rptr. 60 (1984). The error is harmless, however, if no rational jury could have reached its verdict without finding the omitted element. See Martinez v. Borg, 937 F.2d 422, 425 (9th Cir.1991).
 
 
 8
 Here, a properly instructed jury found Denham guilty of first degree murder for aiding and abetting Mendoza's murder. The assaults against Mendoza and Tappan were indistinguishable. We conclude that no rational jury could have found Denham guilty of aiding and abetting Mendoza's murder without also finding that Denham intended to aid and abet Tappan's attempted murder. The error was harmless.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3