42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie A. PEREZ, Petitioner-Appellant,
v.
K.W. PRUNTY, Chief Deputy Warden, Respondent-Appellee.
 No. 94-55501.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eddie A. Perez, a California state prisoner, appeals pro se the district court's denial of his habeas corpus petition pursuant to 28 U.S.C. Sec. 2254. Perez was convicted after a jury trial of second degree murder as an aider and abettor and was acquitted of shooting at an occupied motor vehicle. Perez contends that (1) there was insufficient evidence to sustain his second degree murder conviction on the theory of aiding and abetting, and (2) the state trial court committed prejudicial errors by giving incorrect jury instructions. We review de novo the district court's denial of a habeas corpus petition. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990). We have jurisdiction under 28 U.S.C. Sec. 2253 and affirm.
 
 SUFFICIENCY OF EVIDENCE
 
 3
 Perez contends that there is insufficient evidence to sustain his second degree murder conviction on the theory of aiding and abetting. Particularly, he contends that he lacked the intent of encouraging or facilitating the commission of a criminal offense. His contention lacks merit.
 
 
 4
 A state court conviction will be sustained if, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Wright v. West, 112 S.Ct. 2482, 2492 (1992); Jackson v. Virginia, 443 U.S. 307, 319 (1979). In California, murder is "the unlawful killing of a human being ... with malice aforethought." Cal.Penal Code Sec. 187(a). Malice is implied "when the circumstances attending the killing show an abandoned and malignant heart." Cal.Penal Code Sec. 188; see also People v. Nieto Benitez, 4 Cal.4th 91, 96 (1992) (the act of brandishing a firearm may be sufficiently dangerous to human life to support a finding of malice). Further, in California, to be convicted as an aider and abettor, the defendant must have aided, abetted, or encouraged the commission of an offense "with the knowledge of the criminal purpose of the perpetrator and with an intent or purpose ... of encouraging or facilitating commission of the offense." People v. Beeman, 35 Cal.3d 547, 560 (1984); cf. In re Michael T., 84 Cal.App.3d 907, 910 (1978) (presence at a murder scene and statement that "we got" the victim were insufficient to sustain a conviction of aiding and abetting a murder). Additionally, "[t]he liability of an aider and abettor extends ... to the natural and reasonable consequences of the act he knowingly and intentionally aids and encourages." Beeman, 35 Cal.3d at 560; see also People v. Montano, 96 Cal.App.3d 221, 227 (1979) (defendant convicted of attempted murder as aider and abettor because homicide is a "reasonable and natural consequence" of attack on rival gang's member).
 
 
 5
 Here, the murder occurred during a street fight between two groups of people. A shot fired from the car driven by Perez killed a member of the rival group while he stood on the street. Furthermore, Perez furnished the killing rifle when asked to help out in a fight, opened the hatchback which facilitated the shooting, and stated to his codefendant "you've got one" after the shooting. Hence, Perez rendered physical aid to the murder. See Beeman, 35 Cal.3d at 562; cf. In re Michael T., 84 Cal.App.3d at 910. Perez argues that he was told and believed that his codefendant would use the gun only to scare some people; thus, he lacked the intent of aiding and abetting a criminal act. However, a rational fact trier could have found that Perez realized the danger and natural consequences of furnishing and brandishing a loaded firearm during a street fight and demonstrated malice. See Nieto Benitez, 4 Cal.4th at 96; Beeman, 35 Cal.3d at 560; Montano, 96 Cal.App.3d at 227. Thus, Perez's conviction of second degree murder as an aider and abettor is supported by the evidence. See Wright, 112 S.Ct. at 2499; Jackson, 443 U.S. at 319.
 
 JURY INSTRUCTIONS
 
 6
 Perez contends that the state trial court committed prejudicial errors by giving incorrect jury instructions on "willful" and "malice" in his murder trial. His contention lacks merit.
 
 
 7
 When an error occurs during the presentation of a case to the jury and constitutes a constitutional violation, the error must be "harmless beyond a reasonable doubt" to sustain the conviction. Brecht v. Abrahamson, 113 S.Ct. 1710, 1717 (1993); see also Suniga v. Bunnell, 998 F.2d 664, 667 (9th Cir.1993). An instructional error violates due process if "the instruction by itself ... infected the entire trial," rendering it fundamentally unfair. Estelle v. McGuire, 112 S.Ct. 475, 482-84 (1991); see also Martinez v. Borg, 937 F.2d 422, 423 (9th Cir.1991) (instruction is constitutionally deficient if the jury is deprived of its duty "to find each element of the crime beyond a reasonable doubt"). However, a constitutional error may be excused as harmless if it has no "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 113 S.Ct. at 1722 (adopting the harmless-error standard set forth in Kotteakos v. United States, 328 U.S. 750, 776 (1946), to determine "whether habeas relief must be granted because of constitutional error of the trial type"); cf. Henry v. Estelle, No. 91-55691, slip op. 9447, 9460 (9th Cir. Aug. 19, 1994) (the erroneously admitted evidence of uncharged crime irrelevant to any material issue of the case and jury instructions emphasizing that evidence are prejudicial errors).
 
 
 8
 The state trial court gave two definitions of "malice" and "willful," one legally incorrect, and one legally correct.[1] We need not decide whether the state trial court's instructions constituted a constitutional error because the error, if any, was harmless beyond a reasonable doubt. See Estelle, 112 S.Ct. at 482-84; see also Martinez, 937 F.2d at 423. The state trial court gave the challenged definitions of "malice" and "willful" in relation to the charge of shooting at an occupied vehicle. Since Perez was acquitted of that particular charge, no prejudice resulted. See Brecht, 113 S.Ct. at 1722; cf. Henry, No. 91-55691, slip op. at 9460. Furthermore, the state trial court correctly defined "malice aforethought" and "willful" immediately following instructions on the homicide charge. Thus, the jury instructions were not confusing or misleading and could not have "substantial and injurious effect" on the jury's verdict. Brecht, 113 S.Ct. at 1721-22; cf. Henry, No. 91-55691, slip op. at 9460.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In California, the definition of "willful" in California Jury Instruction Criminal (CALJIC) Sec. 1.20 is not an appropriate instruction where specific intent is an element of the crime. See CALJIC Sec. 1.20, use note (1991). Also, "malice" as defined in CALJIC Secs. 1.22 should not be given in a murder trial. See CALJIC Sec. 1.22, use note (1991)