50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel RAMIREZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joel RAMIREZ, Defendant-Appellant.
 Nos. 92-50120, 92-50178.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1994.
Decided March 13, 1995.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Manuel and Joel Ramirez were convicted of manufacturing methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1), and of possession and distribution of a listed precursor chemical (ephedrine) in violation of 21 U.S.C. Secs. 841(d)(2) and 802(34)(c). The district court, employing the Sentencing Guidelines, sentenced Joel Ramirez to 235 months imprisonment followed by five years of supervised release and sentenced Manuel Ramirez to 247 months imprisonment followed by five years of supervised release.
 
 
 4
 We have jurisdiction of this appeal pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We vacate the convictions and remand for further proceedings consistent with this opinion.
 
 DISCUSSION
 
 5
 Appellants claim that the government engaged in outrageous conduct and knowingly used perjured testimony, that there was insufficient evidence to convict them, and that the district court erred in instructing the jury and in determining their base offense levels for sentencing purposes. We hold that the erroneous jury instruction was plain error requiring that appellants' convictions be vacated. However, because we also hold that there was no outrageous government conduct and that the evidence was sufficient to convict defendants, we remand for further proceedings consistent with this disposition.
 
 I.
 
 6
 The appellants were charged with two substantive narcotics offenses, and not with the crime of conspiracy. Nevertheless, the prosecution requested a Pinkerton instruction allowing the jury to find the appellants guilty of the substantive offenses on the basis of conspiratorial liability. The government concedes that the district court erred when it instructed that "[t]he crime is the agreement to do something unlawful ... It does not matter whether the crime agreed upon was committed." Nevertheless, the government argues, this error was harmless because the district court also instructed the jury, "You must find there was a plan to commit a crime as an object of the conspiracy that the crime was committed." This supposedly curative instruction, however, is anything but unambiguous. Earlier, the district court instructed the jury that "[t]he defendants are not charged with conspiracy," and that in order to find conspiratorial liability, they must find beyond a reasonable doubt that at least one of the defendants actually committed the offenses listed in the information.
 
 
 7
 We are faced with a set of conflicting instructions, one of which removes a necessary element of the crimes with which appellants were charged. Our decision is controlled by this court's recent opinion in United States v. Stein, 37 F.3d 1407, 1410 (9th Cir.1994) ("Where two instructions conflict, a reviewing court cannot presume that the jury followed the correct one.") (citing Francis v. Franklin, 471 U.S. 307, 322 (1985)), cert. denied, --- S.Ct. ----, 1995 WL 23341, (Feb. 21, 1995) (No. 94-7680); see also United States v. Gaudin, 28 F.3d 943, 951 (9th Cir.1994) (en banc) ("When proof of an element has been completely removed from the jury's determination, there can be no inquiry into what evidence the jury considered to establish that element because the jury was precluded from considering whether the element existed at all."), cert. granted in part, denied in relevant part, 115 S.Ct. 713, 63 U.S.L.W. 3498, 63 U.S.L.W. 3514 (Jan. 6, 1995) (No. 94-514), 115 S.Ct. 745, 63 U.S.L.W. 3515 (Jan. 9, 1995) (No. 94-6571); Suniga v. Bunnell, 998 F.2d 664, 670 (9th Cir.1993) ("Where two theories of culpability are submitted to the jury, one correct and the other incorrect, it is impossible to tell which theory of culpability the jury followed in reaching a general verdict.") (quoting Sheppard v. Rees, 909 F.2d 1234, 1237-38 (9th Cir.1989)).
 
 
 8
 The erroneous instruction in this case deprived appellants' of their constitutional right to have a jury find beyond a reasonable doubt each fact necessary to convict them of the crimes with which they were charged. Martinez v. Borg, 937 F.2d 422, 424 (9th Cir.1991). Therefore, we vacate the Ramirezes' convictions.
 
 II.
 
 9
 Were we to find that the evidence presented at trial was insufficient to support the verdict, Double Jeopardy would bar retrial of the Ramirezes for the same offenses. Burks v. United States, 437 U.S. 1, 10-11, 18 (1978); United States v. Vasquez-Chan, 978 F.2d 546, 554 & n. 4 (9th Cir.1992); United States v. Bibbero, 749 F.2d 581, 586 (9th Cir.1984), cert. denied, 471 U.S. 1103 (1985). Accordingly, we review the sufficiency of the evidence even though we vacate the convictions on other grounds. United States v. Castaneda, 16 F.3d 1504, 1510 n. 3 (9th Cir.1994); United States v. Bishop, 959 F.2d 820, 828 (9th Cir.1992) (citing cases).
 
 
 10
 In its first reply brief filed with this court on November 4, 1992, the government argued that appellants had waived the sufficiency of the evidence claim by having failed to move for acquittal in the district court pursuant to Fed.R.Crim.P. 29. United States v. Smith, 924 F.2d 889, 893 (9th Cir.1991). However, the district court referred to its denial of the appellants' Rule 29 motion during the sentencing hearing. See ER at 71, 73, 91; 3 RT 160-61. Accordingly, we must decide whether "reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bautista-Avila, 6 F.3d 1360, 1362 (9th Cir.1993) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 11
 Even uncorroborated testimony of an accomplice is sufficient to prove the elements of a crime unless it is incredible or insubstantial on its face. See United States v. Earl, 27 F.3d 423, 425 (9th Cir.1994) (per curiam) (citing United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992)). Appellants liken Arambula's and Dvorak's testimony to that of the informant in Earl, in which this court reversed a narcotics possession conviction because it was based entirely upon a paid informant's testimony that was "replete with contradictory statements." Id. However, the court in Earl rested its decision "on its lack of substantiality" rather than on its lack of credibility. Id. Here, Arambula's and Dvorak's testimony was clearly substantial: it related that appellants had possessed ephedrine on the dates charged in the indictment, had discovered and disposed of the government's tracking device, had described the methamphetamine "cook" they had conducted, and had exhibited the acid-stained boots which connected them to the lab. Moreover, independent government surveillance and investigation corroborated much of their testimony, so that it was not incredible on its face. United States v. Leung, 35 F.3d 1402, 1405 (9th Cir.1994), cert. denied, 115 S.Ct. 954 (1995). Despite appellants' vigorous cross-examination and attempts to impeach these witnesses, the jury found this testimony credible. Id.; United States v. Blinder, 10 F.3d 1468, 1476 (9th Cir.1993). Accordingly, we hold that there was sufficient evidence for a rational jury to find appellants guilty beyond a reasonable doubt on both counts.
 
 III.
 
 12
 Finally, we must decide whether defendants were denied their right to due process as a result of outrageous government conduct, because convictions that do not comport with due process must be reversed and the indictment dismissed. United States v. Garza-Juarez, 992 F.2d 896, 904 (9th Cir.1993), cert. denied, 114 S.Ct. 724 (1994). We review de novo whether the government's conduct of the investigation constituted outrageous government conduct. United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991).
 
 
 13
 To prevail on the outrageous government conduct claim, the Ramirezes would need to show that the government's conduct amounted to "the engineering and direction of a criminal enterprise from start to finish." United States v. Barrera-Moreno, 951 F.2d 1089, 1092 (9th Cir.1991) (quoting Smith, 924 F.2d at 897), cert. denied, 113 S.Ct. 417 (1992). It is undisputed that the government did not employ the two confidential informants involved in this case or direct their activities at the time of the Ramirezes' alleged criminal conduct. Thus, the Ramirezes cannot state a claim of outrageous government conduct. Barrera-Moreno, 951 F.2d at 1092 (stating that actions of informants can only constitute outrageous government conduct if attributable to and directed by the government); United States v. Simpson, 813 F.2d 1462, 1467 (9th Cir.), cert. denied, 484 U.S. 898 (1987) (same); see also United States v. Emmert, 829 F.2d 805, 811 (9th Cir.1987) (stating that absent unwarranted physical or mental coercion, outrageous government conduct can only be found when "the police completely fabricate the crime solely to secure the defendant's conviction").
 
 CONCLUSION
 
 14
 Appellants' convictions are VACATED and the case is REMANDED for further proceedings consistent with this disposition.
 
 
 
 *
 The Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3