57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Steven H. CASWELL, Petitioner-Appellant,
v.
Art CALDERON, Warden, California Rehabilitation Center,
Respondent-Appellee.
 No. 93-16146.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1995.
Decided June 14, 1995.
 
 Before: GOODWIN, POOLE, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven H. Caswell, a California state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Caswell was convicted of four counts each of robbery, kidnapping, assault with a deadly weapon and attempted murder. Caswell argues, and the State concedes, that the trial court's aiding and abetting instruction was erroneous because the jury was not properly instructed that an aider and abettor must have specific intent to aid the principal's crimes. See People v. Beeman, 674 P.2d 1318, 1325 (Cal.1984) (aiding and abetting instruction to the jury must include specific intent to aid the principal's crime); see also Martinez v. Borg, 937 F.2d 422, 423 (9th Cir.1991) (instruction is constitutionally deficient if the jury is deprived of its duty "to find each element of the crime beyond a reasonable doubt"). Therefore, we need only determine whether the denial of Caswell's due process rights was harmless error. We review de novo, Christian v. Rhode, 41 F.3d 461, 464 (9th Cir.1994), and we affirm.[1]
 
 
 3
 To obtain relief on collateral review, a habeas petitioner must show that the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). "[I]f the harmlessness of the error is in grave doubt, relief must be granted." O'Neal v. McAninch, 115 S.Ct. 992, 996 (1995).
 
 
 4
 Here, the State introduced the following evidence: Caswell was present, had knowledge of codefendant David Englund's criminal intent, and actively assisted Englund in the crimes by helping pull the four victims from a vehicle, instructing them to follow Englund's instructions because "he (Englund) had a hole in his leg," demanding the victims' money, disrobing the victims and tying up three victims with a rope, watching as Englund struck one victim and pushed him over a cliff, attempting to push the remaining victims over a cliff, telling Englund to shoot the remaining victims, and watching as Englund shot the remaining victims.[2]
 
 
 5
 Based upon the overwhelming evidence, no rational jury could have found the elements of the crimes without also finding that Caswell had the intent of committing, encouraging, or facilitating the crimes. Therefore, the failure to instruct on the need for specific intent did not have a substantial or injurious impact on the jury's verdict.[3] See Brecht, 113 S.Ct. at 1722; see, e.g., Watts v. Bonneville, 879 F.2d 685, 688-89 (9th Cir.1989) ( Beeman error harmless where defendant had knowledge of two cohorts rape of victim and immediately raped her when they finished); Willard v. People of State of Cal., 812 F.2d 461, 464 (9th Cir.1987) (Beeman error harmless where jury's rejection of duress and mistaken identity defenses entailed that the jury also found specific intent to aid and abet); cf. Martinez, 937 F.2d at 425 (Beeman error not harmless where jury could have reached a verdict of aiding and abetting without finding specific intent based upon the perpetrator's sudden, point-blank range shooting of officers). Accordingly, the error was harmless.
 
 
 6
 AFFIRMED.
 
 
 7
 REINHARDT, Circuit Judge, dissenting.
 
 
 8
 In evaluating the prejudicial impact of the omission of an element of an offense from a jury instruction, we consider only what the jury necessarily found. See Martinez v. Borg, 937 F.2d 422, 425 (9th Cir.1991). Under Martinez, a determination of what the jury found must be based solely on what the jury was required to find by the instructions that it received and on the verdicts that it rendered. Martinez precludes speculation as to what the record would have permitted the jury to find had it been properly instructed. Because the majority disposition engages in just such speculation, I cannot join in its analysis nor accept its result.
 
 
 9
 The jury's verdicts do not establish that Caswell acted with specific intent in committing the offenses for which he was charged. Moreover, the instructions did not require the jury to find that Caswell had acted with specific intent in committing the offenses. Instead, the instructions only required the jury to find that Caswell aided his codefendant and acted with knowledge of his unlawful purpose. Such findings are not necessarily dependent on a determination that Caswell acted with specific intent, nor do they in turn compel a finding that such was his state of mind. Regardless of what the evidence at trial may show, Martinez precludes us from speculating as to whether the jury found that Caswell acted with the requisite intent. Accordingly, I would grant the petition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Relying on Teague v. Lane, 489 U.S. 288, 310 (1989) (holding that generally new constitutional rules of criminal procedure should not be applied retroactively to cases on collateral review), the State argues that the Beeman error constitutes a new rule which should not be retroactively applied to Caswell. We reject this argument. Beeman merely clarified existing California law, rather than stating a new rule. See id., 674 P.2d at 1323, 1325
 
 
 [2]
 We note that Caswell earlier favored not shooting the victims, while Englund favored such action. This fact, however, is insignificant in light of Caswell's later unequivocal statement to shoot the victims
 
 
 [3]
 Caswell appears to argue that the erroneous jury instruction prejudiced him because he was unable to present either a diminished capacity defense based upon his consumption of alcohol and drugs, or a duress defense. We reject this argument on both grounds. Although Caswell failed to raise a diminished capacity defense, the jury was instructed to consider his mental state and rejected such a defense. Additionally, the evidence adduced at trial did not necessarily support a duress theory