89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ivy Lynn MARTIN, Petitioner-Appellant,
v.
Susan E. POOLE, Superintendent of the California Institution
for Women at Corona, California, Respondent-Appellee.
 No. 94-17228.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1995.
Submission Withdrawn Oct. 5, 1995.
Resubmitted June 1, 1996.
Decided July 9, 1996.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Ivy Lynn Martin was convicted by a California jury of aiding and abetting first degree murder by torture in connection with the murder of her three-year-old son.[1] After exhausting her state court remedies, she filed a petition for a writ of habeas corpus in federal district court, claiming that the trial court's failure to include intent in its jury instructions violated her due process rights. The district court denied Martin's petition. We reverse and remand.
 
 
 3
 * Martin contends that the trial court erroneously instructed the jury by removing from the aiding and abetting instruction the requirement of Martin's intent, in violation of California law. Habeas relief is not granted merely upon state law error, however. To merit relief, Martin must demonstrate that the erroneous instruction violated some constitutional right. As the Supreme Court has stated, the reviewing court must focus upon "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quotation omitted). If a habeas petitioner demonstrates such a violation of due process, the reviewing court must next determine whether such violation constituted harmless error. See Rose v. Clark, 478 U.S. 570, 578-79 (1986); see also Brecht v. Abrahamson, 597 U.S. 619 (1993) (holding that relief is warranted on collateral attack only if the error "had substantial and injurious effect or influence in determining the jury's verdict") (quotation omitted); O'Neal v. McAninch, 115 S.Ct. 992, 994-95 (1995) (concluding that relief is also appropriate if the record on collateral review leaves a conscientious judge in "grave doubt" as to the effect of the error).
 
 
 4
 This case is controlled by the recent case of Roy v. Gomez, 81 F.3d 863 (9th Cir.1996), in which we held that an error in omitting California's specific intent requirement from an aiding and abetting jury instruction could not be deemed harmless where it could not be said that the jury necessarily found the required intent. In Roy, Kenneth Roy's first-degree murder conviction for the death of Archie Mannix necessarily reflected a conclusion by the jury that Roy was guilty of felony murder in the course of aiding and abetting partner Jesse McHargue's robbery of Mannix. However, it was unclear whether the jury found beyond a reasonable doubt that Roy intended to facilitate McHargue's robbery of Mannix. Although there was evidence from which a jury could have found that Roy intended to facilitate Mannix's robbery, there were no findings from which it could be concluded that the jury actually did so. Because it could not be said that the jury necessarily found that Roy acted with the intention of assisting McHargue in the robbery of Mannix, the error in the aiding and abetting instruction could not be deemed harmless under Brecht and O'Neal. Id. at 868.
 
 
 5
 Here, the trial court instructed the jury under a modified version of the standard California Jury Instruction No. 3.01,[2] as follows:
 
 
 6
 A person aids and abets the commission of a crime when he or she,
 
 
 7
 (1) having a legal duty to act and
 
 
 8
 (2) with knowledge of the unlawful purpose of the perpetrator omits or fails to act thereby encouraging or facilitating the commission of the crime.
 
 
 9
 A person who aids and abets the commission of a crime need not be personally present at the scene of the crime.
 
 
 10
 Martin has maintained throughout that giving the modified jury instructions constitutes reversible error under People v. Beeman, 35 Cal.3d 547 (1984). The modified version of CALJIC No. 3.01 inadequately defines aiding and abetting because it fails to insure that the defendant had the requisite intent, as required by Beeman. As the magistrate judge determined, an instructional error was made. No instruction was given that Martin had to intend to encourage or facilitate the commission of a crime as an element of the charge of aiding and abetting first degree torture murder. See Roy, 81 F.3d at 865 & n. 1. This instructional error was a violation of due process because the jury was directed to infer Martin's intent to aid and abet first degree murder from her duty, knowledge, and failure to act. Thus, the state was relieved of its burden of demonstrating, beyond a reasonable doubt, the mens rea element of the aiding and abetting charge.
 
 
 11
 A determination of a due process violation necessitates an inquiry as to whether the violation constitutes harmless error. As explained by Roy, 81 F.3d at 866-67, and Martinez v. Borg, 937 F.2d 422, 425 (9th Cir.1991), this court has held that cases involving incomplete jury instructions should be analyzed by the harmless error standard set forth in Carella v. California, 491 U.S. 263 (1989). In Carella, Justice Scalia's concurrence reasoned that traditional harmless error analysis is inappropriate in the context of incomplete jury instructions because it substitutes the appellate court's findings of fact for the jury's and is akin to an impermissible directed verdict. Id. at 267-68 (Scalia, J., concurring). Instead, the Court suggested a harmless error method that would allow an appellate court to conclude that "the jury found the facts necessary to support the conviction." Id. at 271. Rather than looking at the record to determine if the evidence overwhelmingly establishes the defendant's guilt, the Carella method requires a review of the court's instructions and what the jury found:
 
 
 12
 When the predicate facts relied upon in the instruction, or other facts necessarily found by the jury, are so closely related to the ultimate fact to be presumed that no rational jury could find those facts without also finding that ultimate fact, making those findings is functionally equivalent to finding the element required to be presumed.
 
 
 13
 Id.
 
 
 14
 The Martinez court clarified this approach: "To apply this method of analysis, an appellate court must examine what the jury found. The error is harmless if no rational jury could have made those findings without also finding the omitted or presumed fact to be true." 937 F.2d at 425.
 
 
 15
 Martin was charged with two crimes: murder in violation of California Penal Code § 187 and child endangerment in violation of California Penal Code § 273(a)(1). With regard to child endangerment, the jury was instructed as follows:
 
 
 16
 Every person who, under circumstances or conditions likely to produce great bodily harm or death, has care or custody of a child and, (a), willfully causes, or as a result of criminal negligence permits the child to be injured, or (b), willfully causes, or as a result of criminal negligence permits the child to be placed in a situation that endangers the person's child or health is guilty of a violation of Section 273(a)(1) of the Penal Code, a crime.
 
 
 17
 As stated above, an error under Carella is harmless only if no rational jury could make its findings without also finding the omitted or presumed fact to be true. A careful reading of the child endangerment instruction reveals that an individual may be convicted of child endangerment as a result of mere criminal negligence. Thus, a rational jury could have made its findings regarding child endangerment without also finding that Martin left her child in Patterson's care with the intent of facilitating a crime.
 
 
 18
 Because we are unable to conclude that the jury necessarily found the missing element, the error was not harmless under Carella, Brecht, and O'Neal. See Roy, 81 F.3d at 868. Accordingly, we reverse and remand for the district court to grant the writ of habeas corpus unless the State of California retries Martin within a reasonable period of time.
 
 
 19
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Martin was also convicted of child endangerment. She does not challenge that conviction
 
 
 [2]
 In its unexpurgated form, CALJIC No. 3.01 reads as follows:
 A person aids and abets the [commission] [or] [attempted commission] of a crime when he or she,
 (1) with knowledge of the unlawful purpose of the perpetrator and
 (2) with the intent or purpose of committing, encouraging, or by facilitating the commission of the crime, by act or advice aids, promotes, encourages or instigates the commission of the crime.
 [A person who aids and abets the [commission] [or] [attempted commission] of a crime need not be personally present at the scene of the crime.]
 [Mere presence at the scene of a crime which does not itself assist the commission of the crime does not amount to aiding and abetting.]
 [Mere knowledge that a crime is being committed and the failure to prevent it does not amount to aiding and abetting.]