94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven H. CASWELL, Petitioner-Appellant,
v.
Art CALDERON, Warden, California Rehabilitation Center,
Respondent-Appellee.
 No. 93-16146.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1996.
Decided Aug. 14, 1996.
 
 1
 Before: GOODWIN, POOLE, REINHARDT Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Petitioner Steven H. Caswell appeals the district court's denial of his habeas petition under 28 U.S.C. § 2254. The majority affirmed the denial on June 14, 1995 in a memorandum disposition, with one judge dissenting. Petitioner filed a timely petition for rehearing. We subsequently entered an order deferring action on the petition pending the disposition of Roy v. Gomez, 81 F.3d 863 (9th Cir.1996) (en banc), which considered an issue very similar to that raised here. In light of our decision in Roy, we grant the petition for rehearing, vacate our previous disposition and reverse the district court's denial of Caswell's habeas petition.
 
 
 4
 Caswell was convicted on four counts each of robbery, kidnapping, assault with a deadly weapon, and attempted murder. The trial court erred in instructing the jury on aiding and abetting because he failed to inform the jury that the specific intent to aid the principal's crimes is an element of the offense. See People v. Beeman, 674 P.2d 1318, 1325 (Cal.1984); Roy, 81 F.3d at 866; see also In re Winship, 397 U.S. 358, 364 (1970) (due process requires proof beyond a reasonable doubt of all elements of the offense).
 
 
 5
 The issue here is whether the error was harmless. We conclude that it was not. The petitioner did not testify, and there is some conflicting evidence in the record as to his intent. We are precluded from engaging in our own evaluation of the weight of the evidence, Martinez v. Borg, 937 F.2d 422, 425 (9th Cir.1991), and cannot conclude that the jury necessarily found the omitted element of the offense. Roy, 81 F.3d at 868. Because we cannot evaluate the effect of the omission on the jury's verdict, we are necessarily "in grave doubt as to the harmlessness of the error." Id. (citing O'Neal v. McAninch, 115 S.Ct. at 992, 994-95 (1995)), and must grant the relief requested.
 
 Conclusion
 
 6
 For the reasons stated above, we GRANT the petition for rehearing, VACATE our previous disposition, and REVERSE and REMAND for further proceedings consistent with this disposition.
 
 GOODWIN, Circuit Judge, dissenting:
 
 7
 I continue to believe the court made a serious departure from both established criminal law and common sense when it constitutionalized one of California's curious instructional rules in order to set aside convictions of obviously guilty felons who had received fair trials and had been correctly convicted. See Roy v. Gomez, 81 F.3d 863 (9th Cir.1996) (en banc).
 
 
 8
 In this current example of a misapplied rule, the majority concludes that the newly revealed error was not harmless. Reasonable minds can differ on that essentially subjective question. Whether reasonable or not, my mind is satisfied that the error was harmless by any standard of evaluation. This kind of nit-picking of state convictions is another self-inflicted wound which the vulnerable relations between the state and federal courts do not need, and which serves no useful purpose. I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3