98 F.3d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aziz SHARRIEFF, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Trina Devay HARPER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos MUNOZ, Defendant-Appellant.
 Nos. 95-50080, 95-50102 and 95-50166.
 United States Court of Appeals, Ninth Circuit.
 Argued Dec. 13, 1995.
Submitted Jan. 22, 1996.
Decided Oct. 1, 1996.
 
 Before: SCHROEDER, FERGUSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Aziz Sharrieff, Trina Harper and Carlos Munoz appeal their sentences for conspiracy to commit armed robbery, in violation of 18 U.S.C. § 371, and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). They argue that the district court erred by (1) failing to grant them a three-level reduction in their conspiracy sentences pursuant to Sentencing Guideline § 2X1.1(b)(2) and (2) sentencing them for a violation of 18 U.S.C. § 924(c) even though the Supreme Court's decision in United States v. Lopez, 115 S.Ct. 1624 (1995) indicates that § 924(c) is unconstitutional because it exceeds Congress' authority to legislate under the Commerce Clause. In addition, Munoz unilaterally argues that the district court erred by failing to give him a two-level reduction under Sentencing Guideline § 3B1.2 as a minor participant.
 
 
 3
 * We first address appellants' arguments concerning the validity of their firearms convictions in light of Bailey v. United States, 116 S.Ct. 501 (1995). First, Sharrieff, Harper and Munoz argue that their convictions should be reversed outright because there is insufficient evidence to establish that they used or carried the firearms. The government properly concedes that there is insufficient evidence after Bailey to convict the appellants for "using" the firearms. However, the government argues that the evidence was sufficient to support their convictions under section 924(c)'s "carry" prong. We agree.
 
 
 4
 In deciding whether the evidence is sufficient to support the appellants' convictions for carrying the firearms, we must review the evidence in the light most favorable to the prosecution and ask whether any rational trier of fact could have found the "carrying" element beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995). The evidence is clearly sufficient to prove beyond a reasonable doubt that one of the appellants carried the firearms from the car to the bushes. It is also sufficient to establish that the appellants carried the firearms in the car when they drove to the bank parking lot.
 
 
 5
 Because the district court gave the jury a proper Pinkerton[1] instruction and informed the jury that each co-conspirator was vicariously liable for all acts taken by the other conspirators in furtherance of the conspiracy, we hold that the evidence was sufficient to support each appellant's conviction under section 924(c). Cf. United States v. Pimentel, 83 F.3d 55, 58-59 (2nd Cir.1996) (finding evidence sufficient to support section 924(c) conviction because proper Pinkerton instruction given); United States v. Fike, 82 F.3d 1315, 1328 (5th Cir.1996) (same).
 
 
 6
 Second, Sharrieff, Harper and Munoz argue that even if the evidence was sufficient to support their convictions for carrying the firearms, the convictions should be vacated because the jury instructions defining the term "use or carry" constituted plain error. The government asserts that even if the jury instructions were improper, the convictions should nonetheless be affirmed, regardless of whether harmless error or plain error review is applied. We agree with the government. Even applying harmless error review, the appellants' convictions should be affirmed.
 
 
 7
 The firearms in this case were found under a bush which bordered the bank's parking lot and which was located five or six feet away from the appellant's car. Quite simply, no rational jury could have found that those firearms were "in the defendants' possession or under their control" without also necessarily finding that one of the appellants "carried" those firearms to the bushes. See Roy v. Gomez, 81 F.3d 863, 867 (9th Cir.1996) (en banc) ("The error is harmless if no rational jury would have made these findings without also finding [the challenged element].") (quoting Martinez v. Borg, 937 F.2d 422, 425 (9th Cir.1991)).
 
 II
 
 8
 Harper and Munoz, relying on United States v. Lopez, 115 S.Ct. 1624 (1995), next argue that 18 U.S.C. § 924(c) is unconstitutional because it exceeds Congress' authority to legislate under the Commerce Clause. This argument is foreclosed by our recent decision in United States v. Staples, 85 F.3d 461, 462-63 (9th Cir.1996) (holding that section 924(c)(1) does not exceed Congress' power under the Commerce Clause), as amended, --- F.3d ----, 1996 WL 359984 (9th Cir. June 28, 1996).
 
 III
 
 9
 Munoz next argues that the district court erred by failing to award him a decrease of two levels, pursuant to U.S.S.G. § 3B1.2, on the grounds that he was a minor participant in the crime. We review for clear error the district court's factual finding whether a defendant's role in the crime was minor. United States v. Hatley, 15 F.3d 856, 859-60 (9th Cir.1994). Munoz fails to offer any valid reasons to support his purely conclusory allegation that the district court's factual findings are clearly erroneous. Accordingly, we affirm the denial of the reduction.
 
 IV
 
 10
 Finally, Sharrieff, Harper and Munoz assert that the district court erred by failing to grant them a three-level reduction in their base offense levels for conspiracy pursuant U.S.S.G. § 2X1.1(b)(2). In light of our prior opinion in this case, we agree.
 
 
 11
 In our prior opinion in this case, we began our analysis of whether there was sufficient evidence to support the appellants' convictions for attempted armed robbery by quoting United States v. Buffington, 815 F.2d 1292 (9th Cir.1987):
 
 
 12
 Not only did appellants not take a single step toward the bank, they displayed no weapons and [gave] no indication that they were about to make an entry. Standing alone, their conduct did not constitute that requisite "appreciable fragment" of a bank robbery, nor a step toward commission of the crime of such substantiality that, unless frustrated, the crime would have occurred.
 
 
 13
 Harper, 33 F.2d at 1147 (quoting Buffington, 815 F.2d at 1303 (footnotes omitted)). We then stated that:
 
 
 14
 The same may be said of the defendants in this case. True, Harper had left money in the ATM, causing a bill trap that would eventually bring service personnel to the ATM. That act, however, is equivocal in itself. The robbery was in the future and, like the defendants in Buffington, the defendants never made a move toward the victims or the Bank to accomplish the criminal portion of their intended mission.... [The defendants'] actual embarkation on the robbery lay as much as 90 minutes away from the time when Harper left money in the ATM, and that time had not expired when they were apprehended.... Making an appointment with a potential victim is not of itself such a commitment to an intended crime as to constitute an attempt, even though it may make a later attempt possible.
 
 
 15
 Id. at 1147-48 (emphasis added).
 
 
 16
 In light of our observation that "the robbery was in the future," the district court's finding that the appellants had completed all the conduct that they believed necessary to commit an armed robbery is clearly erroneous. Surely the appellants must have known, during the period before they were arrested and before any potential victim arrived, that they could have simply picked up and gone home without having completed "all the acts" necessary for the commission of an armed robbery. Accordingly, the district court's finding on the first prong is clearly erroneous.
 
 
 17
 Similarly, the district court's finding on the second prong is also inconsistent with the conclusions in our prior opinion. As noted above, the district court held, as an alternative ground for its conclusion that a reduction was not warranted, that the crime would have occurred "but for the fact that the ATM service team was not dispatched...." However, under the second prong a reduction is warranted unless "circumstances demonstrate that the conspirators were about to complete all such acts but for" the intervening event. As noted above, in our prior opinion we held that "[t]he robbery was in the future and ... the defendants never made a move toward the victims or the Bank to accomplish the criminal portion of their intended mission." Id. In light of this language, the district court's conclusion that the appellants were "about to complete " the armed robbery is clearly erroneous.
 
 
 18
 Accordingly, we reverse on this issue, and remand the case for resentencing with instructions to the district court to grant the three-level reduction in appellants' conspiracy sentences.
 
 V
 
 19
 For the foregoing reasons, we AFFIRM the appellants' convictions, REVERSE the district court's decision not to grant a three-level reduction in the appellants' conspiracy sentences, and REMAND for resentencing.
 
 
 20
 AFFIRMED in part; REVERSED and REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pinkerton v. United States, 328 U.S. 640, 648-49 (1946)