**Michael K. FRAZIER, Petitioner— Appellant,**

v.

**Larry SMALL, Warden, Respondent— Appellee.**

**No. 03–55246.**

United States Court of Appeals, Ninth Circuit.

---

Submitted March 3, 2004.*

Decided March 5, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Michael K. Frazier, Reg# C–01850, pro se, CTF—Correctional Training Facility, Soledad, CA, Azra Feldman, Huappauge, NY, for Petitioner–Appellant.

Scott C. Taylor, AGCA—Office of The California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before: SILVERMAN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Michael K. Frazier appeals the district court's dismissal of his 28 U.S.C. § 2254 petition seeking habeas relief from a 56–year to life sentence after his conviction on charges related to manufacture, possession, and distribution of methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm because the California Court of Appeal did not make a contrary or unreasonable application of clearly established federal law.

Because the parties are familiar with the facts, we do not recount them in detail except as necessary. We review *de novo* the district court's denial of a petition for writ of habeas corpus. *Wade v. Terhune,* 202 F.3d 1190, 1194 (9th Cir.2000). For such purpose, we look to "the state's last reasoned decision." *Avila v. Galaza,* 297 F.3d 911, 918 (9th Cir.2002). We may not grant relief "unless the adjudication of the

claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

We view the evidence in light most favorable to the state and determine if it was insufficient for any rational trier of fact to find the petitioner guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The jury had considerable circumstantial evidence from which to infer that Frazier had dominion and control over the materials and methamphetamine found in the car and that this linked him to the conspiracy to manufacture. Thus, it was not unreasonable to find sufficient evidence to support the verdict.

Errors in jury instructions are "harmless if no rational jury could have made [the findings actually made by the jury] ... without also finding the omitted or presumed fact to be true." *Martinez v. Borg,* 937 F.2d 422, 425 (9th Cir.1991); *see also Carella v. California,* 491 U.S. 263, 266, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989). That Frazier intended to manufacture methamphetamine was satisfied by the intent element of the count of possession of pseudoephedrine with intent to manufacture methamphetamine. That Frazier possessed pseudoephedrine was satisfied by finding that he possessed methamphetamine because the only methamphetamine sample present in the car

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

contained 98% pseudoephedrine. Thus, it was not unreasonable to find the errors in instruction harmless.

█ The admissibility of evidence ordinarily does not provide a basis for federal habeas relief. *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Regardless, Margetta's statement did not fall under the penal interest hearsay exception because at the time he made it, Margetta intended the statement to be exculpatory. By claiming ownership of the powder, Margetta intended only to bolster his false claim that it was talc.

█ "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Frazier fails to overcome this presumption because it might have been sound trial strategy to concede that knowledge of the presence of the contraband would show dominion and control. This concession arguably bolstered counsel's argument that Frazier, in fact, lacked such knowledge. There is no inflexible presumption of vindictiveness when charges are added in the pretrial setting. *United States v. Goodwin,* 457 U.S. 368, 381, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). Thus, it was not unreasonable to find lack of vindictive motivation when the prosecution added charges before jeopardy attached.

AFFIRMED.